UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN SOLIZ,

    Petitioner,

  v.

TEHAMA COUNTY SUPERIOR COURT,

    Respondent.

No. 2:16-cv-1975-EFB P

ORDER

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4. However, the court should not dismiss a petition without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971). For the reasons explained below, the petition is dismissed, without leave to amend, on the ground that the claims raised therein are not exhausted.[2]

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

Petitioner was convicted on October 30, 2015 and sentenced on May 25, 2016. ECF No. 1. According to the petition, his only post-conviction challenge to his conviction was through a filing in the Tehama County Superior Court. *Id.* at 7, 13. He explains that he did not appeal the judgment of conviction or exhaust his state remedies "because [he] thought the Court had given [him] ½ time already." *Id.* at 13.

Thus, petitioner concedes that he has not presented the claims raised in his petition to the California Supreme Court and does not purport to have obtained from the respondent an express

---

[2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

1 waiver of the exhaustion requirement.  *See id.*  Therefore, petitioner has failed to exhaust state
2 court remedies, as the California Supreme Court has not yet had the opportunity to resolve
3 petitioner's claims on their merits.  *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).
4 This action must therefore be summarily dismissed.

5      Accordingly, IT IS HEREBY ORDERED that the petition is dismissed without leave to
6 amend and the court declines to issue a certificate of appealability.

7 DATED:  March 21, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE